## LYSTER v. PEARSON.

(City Court of New York, General Term. November 27, 1893.)

SERVICE OF SUMMONS—DESIGNATION OF ANOTHER TO RECEIVE.
   Where defendant designated another to receive service of summons or process in any action or proceeding, in any court, and service was made under such designation, defendant cannot contend that the designation was not to be used or filed with the county clerk unless defendant was out of the country.

Appeal from special term.
Action by Frederick Lyster against Alma Y. Pearson. From an order opening a default and vacating a judgment on conditions, defendant appeals. Affirmed.
Argued before McCARTHY and NEWBURGER, JJ.

Smith, Bowman & Close, for appellant.
Secor & Page, for respondent.

NEWBURGER, J. This is an appeal from an order opening a default and vacating the judgment entered thereon on condition that defendant pay plaintiff's attorney $15 costs, and serve his answer within six days. It is contended on the part of the appellant that the judgment should have been absolutely set aside, without any conditions, for the reason that there was no personal service on the defendant. It appears that service of the summons herein was made on one Mortimer, a person who had been designated by defendant for that purpose. It is claimed, however, by defendant, that said Mortimer was not to use such designation, nor file the same with the county clerk, unless the defendant was traveling out of the United States. The designation, however, is general, and it authorizes Mortimer for one year from its date to receive service of summons or process in any action or proceeding in any court; and, the service having been made under such designation, the judgment was properly entered herein. It was therefore a judgment by default, and the justice at special term, in opening such default, had a right to impose the conditions he did. The order appealed from must be affirmed, with costs.